IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALONZO E. BROADHEAD, #206627, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:10-CV-892-WC |
| ) | [WO] |
| ) | |
| STEVEN CANTY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION and ORDER**

**I. INTRODUCTION**

In this 42 U.S.C. § 1983 action, Alonzo E. Broadhead ["Broadhead"], a state inmate currently incarcerated at the St. Clair Correctional Facility, challenges the constitutionality of two disciplinary actions lodged against him during his prior incarceration at the Easterling Correctional Facility ["Easterling"]. Specifically, Broadhead complains that the defendants denied him due process during the disciplinary proceedings because his custody level was listed as medium when at the time of the disciplinaries his custody level was, in fact, minimum-in. *Aff. in Support of Compl. - Doc. No. 1* at 1. Broadhead also alleges that the actions of the defendants violated an administrative regulation. *Id*. Broadhead seeks declaratory relief and expungement of the disciplinaries from his record. *Compl. - Doc. No. 1* at 4. Broadhead names Steven Canty, the arresting officer, Stephanie Govan, the disciplinary hearing officer, and Deputy Warden Kenneth Sconyers as defendants in this

cause of action.

The defendants filed a special report and supporting evidentiary materials, including affidavits and relevant prison records, addressing Broadhead's claims for relief. Pursuant to the orders entered in this case, the court deems it appropriate to construe the aforementioned report as a motion for summary judgment. *Order of January 20, 2011 - Doc. No. 11*. Thus, this case is now pending on the defendants' motion for summary judgment. Upon consideration of this motion, the evidentiary materials filed in support thereof and the plaintiff's response, the court concludes that the defendants' motion for summary judgment is due to be granted.

## II. STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (citation to former rule omitted); Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").[1] The party moving

---

[1] Effective December 1, 2010, Rule 56 was "revised to improve the procedures for presenting and deciding summary-judgment motions." Fed. R. Civ. P. 56 Advisory Committee Notes. Under this revision, "[s]ubdivision (a) carries forward the summary-judgment standard expressed in former subdivision (c), changing only one word -- genuine 'issue' becomes genuine 'dispute.' 'Dispute' better reflects the focus of a summary-judgment determination." *Id*. "'Shall' is also restored to express the direction to grant summary

for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue [- now dispute -] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-24.

The defendants have met their evidentiary burden and demonstrated the absence of any genuine dispute of material fact. Thus, the burden shifts to the plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed. R. Civ. P. 56(e)(3) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact by [citing to materials in the record including affidavits, relevant documents or other materials] the court may . . . grant summary judgment if the motion and supporting materials -- including the facts considered undisputed -- show that the movant is entitled to it."). A genuine dispute of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a

---

judgment." *Id*. Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, those cases citing the prior versions of the rule remain equally applicable to the current rule.

verdict in its favor. *Greenberg*, 498 F.3d at 1263.

> In civil actions filed by inmates, federal courts
>
> must distinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of prison authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 530, 126 S.Ct. 2572, 2578, 165 L.Ed.2d 697 (2006) (internal citation omitted). Consequently, to survive the defendants' properly supported motion for summary judgment, Broadhead is required to produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claims for relief. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); Fed. R. Civ. P. 56(e). "If the evidence [on which the nonmoving party relies] is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Id*. at 249-50. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576-77 (11th Cir. 1990). Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine issue of material fact and, therefore, do not suffice to oppose a motion for summary judgment. *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (A plaintiff's "conclusory assertions . . . , in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th

4

Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations" challenging actions of the defendants); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("[M]ere verification of party's own conclusory allegations is not sufficient to oppose summary judgment . . . ."); *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) ("[C]onclusory allegations without specific supporting facts have no probative value."). Hence, when a plaintiff fails to set forth specific facts supported by requisite evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Indus., Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (If on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate.).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Sec'y of the Dep't of Children & Family Servs.*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment.").

"The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). To demonstrate a genuine dispute of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In cases where the evidence before the court, which is admissible on its face or which can be reduced to admissible form, indicates that there is no genuine dispute of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-24 (Summary judgment is appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine dispute as to a requisite material fact.); *Waddell v. Valley Forge Dental Assocs., Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001) (To establish a genuine dispute of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor.).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine dispute of material fact. *Beard*, 548 U.S. at 525, 126 S.Ct. at 2576; *Brown v. Crawford*, 906

F.2d 667, 670 (11th Cir. 1990). Thus, the plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case. In this case, Broadhead fails to demonstrate a requisite genuine dispute of material fact as is necessary to preclude summary judgment. *Matsushita*, *supra*.

### III. DISCUSSION

#### A. Relevant Facts

On September 2, 2010, correctional officers conducted a search of Broadhead's cell in disciplinary segregation at which time they discovered various items of contraband. During the search, Broadhead directed profane and recalcitrant remarks towards Sgt. Larry Peavy in the presence of defendant Canty. As a result of this search and Broadhead's actions, Canty initiated disciplinaries against Broadhead for possession of contraband and insubordination. *Pl.'s Ex. B - Doc. No. 1-2* at 1-2 and *Pl.'s Ex. C - Doc. No. 1-3* at 1-2; *Defs.' Ex. A - Doc. No. 11-1* at 23-29. On September 3, 2010, a correctional officer served Broadhed with notice of the disciplinary charges and the scheduled date for the disciplinary hearings related to these charges. Upon completion of the noticed disciplinary hearings, at which time Canty provided testimony and Broadhead was allowed the opportunity to question Canty and present evidence, which included Broadhead's admission of guilt to possession of contraband and a written statement in which Broadhead acknowledged directing a derogatory comment to Sgt. Larry Peavy, defendant Govan found Broadhead guilty of the charged offenses. The sanctions imposed upon Broadhead for possession of

contraband included twenty-five days disciplinary segregation and twenty-five days loss of all privileges. *Pl.'s Ex. B - Doc. No. 1-2* at 2; *Defs.' Ex. A - Doc. No. 11-1* at 24. The sanctions levied for his act of insubordination consisted of thirty-five days in disciplinary segregation and thirty-five days loss of all privileges. *Pl.'s Ex. C - Doc. No. 1-3* at 2; *Defs.' Ex. A - Doc. No. 11-1* at 26.

### B. Alleged Violation of Administrative Regulations

Broadhead complains that the misstatement of his custody level in the disciplinary report violated Administrate Regulation No. 403 as the regulation requires that the information "on all disciplinary reports lines 1 through 5 has to be complete and correct." *Aff. in Support of Compl. - Doc. No. 1-1* at 1. This claim, however, entitles Broadhead to no relief as an alleged violation of departmental rules or policies, standing alone, does not infringe upon an inmate's constitutional rights. *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995) (prison regulations are not intended to confer rights or benefits on inmates but are merely designed to guide correctional officials in the administration of prisons); *United States v. Caceres*, 440 U.S. 741, 751-52 (1979) (finding mere violations of agency regulations do not raise constitutional questions); *Magluta v. Samples*, 375 1269, 1279 n.7 (11th Cir. 2004) (noting that "procedural requirements set out in [an administrative] regulation are not themselves constitutional mandates."); *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996) ("[F]ailure to follow prison rules or regulations do not, without more, give rise to a constitutional violation."); *Caruth v. Pinkney*, 683 F.2d 1044, 1052 (7th Cir. 1982)

(The failure of correctional officials to comply with directives of a prison regulation "does not amount to a violation of constitutional magnitude."); *see also Riccio v. Cnty. of Fairfax, Va.*, 907 F.2d 1459, 1469 (4th Cir. 1991) (holding that if state law grants more protections than Constitution requires state's failure to abide by its law is not a federal constitutional issue); *Harris v. Birmingham Bd. of Educ.*, 817 F.2d 1525, 1527-28 (11th Cir. 1987) (violation of state statute defining due process does not establish violation of a federal constitutional right actionable under 42 U.S.C. § 1983).

In light of the foregoing, it is clear that the mere violation of an administrative regulation entitles Broadhead to no relief. Thus, the defendants are entitled to summary judgment on this claim.

### C.  Due Process Challenge to Disciplinary Actions

Broadhead complains that the defendants denied him due process in the disciplinary proceedings related to the insubordination and possession of contraband charges because his custody level was not properly identified on the initial disciplinary reports. As previously set forth, the punishment imposed for these disciplinaries included temporary loss of store, visitation and telephone privileges and a limited period of time in disciplinary segregation. Under the circumstances of this case, Broadhead's due process challenge entitles him to no relief.

The Supreme Court has identified two circumstances in which a prisoner, an individual already deprived of his liberty in the ordinary sense, can be further deprived of his

liberty such that due process is required. "The first is when a change in a prisoner's conditions of confinement is so severe that it essentially exceeds the sentence imposed by the court. *See Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 2300, 132 L.Ed.2d 418 (1995); *see, e.g., Vitek v. Jones*, 445 U.S. 480, 492-93, 100 S.Ct. 1254, 1263-64, 63 L.Ed.2d 552 (1980) (holding that a prisoner is entitled to due process prior to being transferred to a mental hospital). The second is when the state has consistently given a certain benefit to prisoners (for instance, via statute or administrative policy), and the deprivation of that benefit 'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.' *Sandin,* 515 U.S. at 484, 115 S.Ct. at 2300; *see, e.g., Wolff v. McDonnell,* 418 U.S. 539, 558, 94 S.Ct. 2963, 2976, 41 L.Ed.2d 935 (1974) (prisoners may not be deprived of statutory 'good-time credits' without due process); *cf. Dudley v. Stewart,* 724 F.2d 1493, 1497-98 (11th Cir. 1984) (explaining how the state creates liberty interests). In the first situation, the liberty interest exists apart from the state; in the second situation, the liberty interest is created by the state." *Bass v. Perrin*, 170 F.3d 1312, 1318 (11th Cir. 1999).

The Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement. *Sandin*, 515 U.S. at 485-86, 115 S.Ct. at 2305 (disciplinary confinement of inmate in segregation does not implicate a constitutionally protected liberty interest); *Meachum v. Fano,* 427 U.S. 215, 225 (1976) (no liberty interest arising from Due Process Clause itself in transfer from low-to maximum-security prison

because "[c]onfinement in any of the State's institutions is within the normal limits or range of custody which the conviction has authorized the State to impose"); *Olim v. Wakinekona*, 461 U.S. 238, 245-46 (1983) (a prisoner has no constitutional right to be confined in a particular institution). Moreover, an inmate in the Alabama prison system has no constitutionally protected interest in the privileges bestowed upon him or confinement in the least restrictive prison environment because the resulting restraints are not so severe that they exceed the sentence imposed upon him. *Sandin*, 515 U.S. at 485, 115 S.Ct. at 2301 ("Discipline by prison officials in response to a wide range of misconduct falls within the expected parameters of the sentence imposed by a court of law."). In addition, an inmate confined in the Alabama prison system has no constitutionally protected interest in the procedure affecting his classification level because the resulting restraint, without more, does not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 484, 115 S.Ct. at 2300. Thus, the deprivations imposed upon Broadhead based on the challenged disciplinaries did not "exceed the sentence [imposed by the trial court] in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force." *Id*. This court must therefore determine whether the actions about which Broadhead complains involve the deprivation of a state-created liberty interest as defined by the standard set forth in *Sandin*.

As the Supreme Court opined,

> *Sandin* involved prisoners' claims to procedural due process protection

11

> before placement in segregated confinement for 30 days, imposed as discipline for disruptive behavior. *Sandin* observed that some of our earlier cases, *Hewitt v. Helms,* 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983), in particular, had employed a methodology for identifying state-created liberty interests that emphasized "the language of a particular [prison] regulation" instead of "the nature of the deprivation." *Sandin,* 515 U.S., at 481, 115 S.Ct. 2293. In *Sandin,* we criticized this methodology as creating a disincentive for States to promulgate procedures for prison management, and as involving the federal courts in the day-to-day management of prisons. *Id.,* at 482-483, 115 S.Ct. 2293. For these reasons, we abrogated the methodology of parsing the language of particular regulations.
>
> "[T]he search for a negative implication from mandatory language in prisoner regulations has strayed from the real concerns undergirding the liberty protected by the Due Process Clause. The time has come to return to the due process principles we believe were correctly established in and applied in *Wolff* and *Meachum.* Following *Wolff,* we recognize that States may under certain circumstances create liberty interests which are protected by the Due Process Clause. But these interests will generally be limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.,* at 483-484, 115 S.Ct. 2293 (citations and footnote omitted).
>
> After *Sandin,* it is clear that the touchstone of the inquiry into the existence of a protected, state-created liberty interest in avoiding restrictive conditions of confinement is not the language of regulations regarding those conditions but the nature of those conditions themselves "in relation to the ordinary incidents of prison life." *Id.,* at 484, 115 S.Ct. 2293.

*Wilkinson v. Austin*, 545 U.S. 209, 222-223, 125 S.Ct. 2384, 2393-94 (2005).

Applying the *Sandin* inquiry, the court concludes that the temporary loss of canteen, phone and visitation privileges and placement of an inmate in disciplinary segregation for a short period of time "though concededly punitive, do[] not represent a dramatic departure from the basic conditions" of the sentence imposed upon the plaintiff. *Id*. at 485. In light

of the foregoing, it is clear that the aforementioned sanctions fail to "impose[] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484. Consequently, the plaintiff's theory of liability under the law as established in *Sandin* is indisputably meritless and, therefore, frivolous within the meaning of 28 U.S.C. § 1915(e)(2)(B)(i). *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[2]

## IV. CONCLUSION

For the foregoing reasons, it is

ORDERED and ADJUDGED that:

1. The defendants' motion for summary judgment is GRANTED;

2. Judgment is GRANTED in favor of the defendants;

3. This case is DISMISSED with prejudice; and

4. The costs of this proceeding are taxed against the plaintiff.

A separate Final Judgement will accompany this Memorandum Opinion.

Done this 24th day of September, 2013.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE

---

[2] In addition, the record before the court establishes that Broadhead received all procedural protections afforded to prisoners, including notice of the charges, a copy of the disciplinary reports, an opportunity to call witnesses and present evidence, the presentation of some evidence establishing his commission of the offenses, and a written statement by the hearing officer outlining the evidence supporting her decisions. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974); *O'Bryant v. Finch*, 637 F.3d 1207, 1213 (11th Cir. 2011). Thus, the mere misidentification of Broadhead's custody classification on the disciplinary reports did not deprive him of due process.